Jamer SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 04–70052.
Agency No. A75–262–354.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 12, 2005.

Inna Lipkin, Esq., Kuldip S. Dhariwal, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Thankful T. Vanderstar, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM [**]

Jamer Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. Although some of the IJ's reasons could be characterized as impermissible conjecture, the balance of the IJ's reasons are sufficiently specific and cogent. *See id.* at 1043. The IJ identified internal inconsistencies in Singh's testimony, determined the documents he submitted to be suspect, and noted that Singh failed to adequately explain his lack of participation in elections after 1989 and why his beard was trimmed, contrary to Sikh practices, in a 1992 photograph. *See Singh v. Ashcroft*, 367 F.3d 1139, 1141–43 (9th Cir.2004). The IJ further observed certain troubling aspects of Singh's demeanor that undermined his credibility when considered in connection with his problematic testimony. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999). These observations are supported by the record.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the denial of relief under CAT. *See id.* at 1157.

PETITION FOR REVIEW DENIED.